## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## AIKEN DIVISION

| | | |
|---|---|---|
| Rebecca Dawn Brownlee-Nobs, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:14-cv-03988-JMC |
| | ) | |
| v. | ) | |
| | ) | |
| Nancy Berryhill, Acting Commissioner | ) | **ORDER** |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon motion by Plaintiff's attorney, Mario A. Pacella ("Counsel"), for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) (ECF No. 23).

On June 6, 2018, Counsel filed a Motion for Attorney's Fees seeking the authorization of payment for Counsel's representation in the amount of $12,843.50. (ECF No. 23.) $12,843.50 amounts to 25% of Plaintiff's past due benefits. (*See* Notice of Award, ECF No. 23-3.) On June 19, 2018, Counsel filed an addendum to his Motion explaining that the Social Security Administration has already paid him $6,000.00 and amending his Motion such that it presently requests only the $6,843.50 of outstanding fees. (ECF No. 24.) Defendant's Response to Plaintiff's Motion for Approval of Attorney's Fees notifies the court that she does not oppose Plaintiff's amended request for fees in the amount of $6,843.50; however, Defendant notes that the fees are only for Counsel's time in court. (ECF No. 25.)

42 U.S.C. § 406(b)(1)(A) provides that "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such

judgment, . . . ." 42 U.S.C. § 406(b)(1)(A). When the contingency fee agreement and requested fee do not exceed 25% of the past-due benefits, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

After reviewing Counsel's Motion (ECF No. 23), Addendum (ECF No. 24), Counsel's Declaration (ECF No. 23-5), Plaintiff's Attorney Fee Agreement (ECF No. 23-4), and the Social Security Administration's Notice of Award (ECF No. 23-3), the court concludes Counsel's request for attorney's fees satisfies the requirements of *Grisbrecht* and the reasonableness requirements of § 406(b)(1)(A).

Previously, the Court granted $4,000 of fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (ECF No. 22.) When fees are awarded under both EAJA and § 406(b), the plaintiff is refunded the smaller amount. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (noting that when both EAJA and 406(b) fees are awarded, a claimant's attorney, not the Commissioner, refunds to the claimant the smaller amount). Counsel acknowledges that the previously paid EAJA fees must be refunded to Plaintiff. (ECF No. 24.)

The court authorizes a payment to Counsel, Mario A. Pacella, for attorney's fees under 42 U.S.C. 406(b) in the amount of $6,843.50 being withheld from Plaintiff's past-due benefits. The court also requires Counsel to remit to Plaintiff the fee previously awarded under the EAJA in the amount of $4,000.00 immediately after receipt of the fees collected under 42 U.S.C. § 406(b). Counsel's Motion for Attorney Fees (ECF No. 23) is **GRANTED**, and the court orders Defendant to certify and release the $6,843.50 remainder of the past-due benefits to Counsel.

**IT IS SO ORDERED.**

J. Michelle Childs

United States District Judge

July 11, 2018
Columbia, South Carolina